7899

JAMES FREEMAN BROWN CO. v. HARRIS, RECEIVER.

1. PRINCIPAL AND AGENT—DELIVERY OF GOODS.—Goods consigned by a manufacturer to its selling agent but kept in its warehouse subject to the order of the agent is constructively delivered and the agent has a lien on the goods for money advanced on them, but the agent is not entitled to the possession of the goods as against a receiver of the manufacturer, but is entitled to have his lien paid. Insolvency of the agent is good ground for revocation of agency.

2. REHEARING refused.

Before MEMMINGER, J., Spartanburg, April, 1909. Reversed.

Action by James Freeman Brown Co. against L. Guy Harris, receiver of Fairmont Mills. Defendant appeals.

*Messrs. Nicholls & Jones,* for appellant, cite: *Judge Townsend gave no permission to take property from the receiver:* 149 U. S. 479; 20 L. R. A. 391; 169 U. S. 459; 46 S. C. 252. *Plaintiff had no right to take the goods from the receiver:* 59 Am. Dec. 159. *Plaintiff has no lien on the property:* Par. on Con. 23, 258; 96 U. S. 477; 19 Ency.

*Messrs. John Gary Evans,* and *Sanders & DePass,* contra, cite: *Goods were in the possession of the plaintiff:* 19 Cyc. 160, 161, 162; 2 So. 457; Jones on Liens, sec. 460; 38 N. E., 128; 10 Bos. 505; 54 N. W. 288; 86 N. W. 977; 3 Mason 107; 37 Me. 556; 20 Mass. 38; 11 Am. R. 360. *What title the receiver took:* High on Rec., secs. 440, 467; 34 Cyc. 191 (d) ; 99 U. S. 251; 106 U. S. 432; Smith on Rec., sec. 61; Gluck & Becke on Rec. 270; 23 Ency. 1091; 10 Wall. 149; 2 Hill 297; 77 Am. Dec. 303; 2 Strob. 309; 2 Hill 587; 73 Pac. 951; 24 Weird, N. Y. 169; 4 Daly, N. Y. 136; 14 La. 473; 18 La. 321; 39 Am. Dec. 536.

The opinion in this case was filed on March 27, but remittitur held up on petition for rehearing until

May 4, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. In an action by the Morgan Wood and Iron Works against Fairmont Mills, a receiver of the defendant's assets was appointed and its creditors called in. James Freeman Brown Company, a creditor, filed a petition *in re,* alleging that it had a cause of action against the mills on a contract which the receiver refused to perform, and obtained leave to bring suit against him "to enforce said contract and to settle and determine the rights of the parties thereunder." Accordingly, this action was brought to recover possession of 189 bales of cloth, the product of the mills, on the ground that they had been consigned and thereby pledged to plaintiff, as selling agent of the mills, as security for money advanced thereon. Plaintiff gave bond and took the cloth. The receiver, contending that the insolvency of the mills and his appointment as receiver terminated the agency, denied plaintiff's right to take the cloth and prayed judgment for its return.

The cause was heard on an agreed statement of facts and the correspondence between the parties, from which it appears that, before the receiver was appointed, plaintiff, as selling agent of the mills, had advanced to the mills about 75 per cent. of the market value of the cloth on invoices or consignments, delivered to it as advancements were made, each of which, except the date, number and description of the bales, was of the same tenor as the following: "Invoice of twenty (20) bales goods consigned to James Freeman Brown Co., New York, by Fairmont Mills for sale on account of consignors. Goods to be insured against fire, and sales guaranteed. (Here follows a particular description of each bale by number, mark, weight, etc.) These goods are at the mill subject to your order." By agreement of the parties, the cloth was left in the warehouse of the mills, subject to plaintiff's orders, and was shipped out, from time to time, upon its orders, until the receiver took charge.

The contest on Circuit seems to have turned upon the question whether there was a constructive delivery of the goods, such as would give plaintiff a factor's lien. The Court held there was, and gave plaintiff judgment for possession of the goods, but held that it must account to the receiver for any surplus proceeds of sale, after deducting expenses, commissions, and the sums advanced.

The delivery of the written invoices or consignments constituted a constructive delivery of the goods. *Southworth* v. *Sebring*, 2 Hill 587. "Consigned" connotes delivery. When the mills said in their written contracts that they had "consigned" the goods to plaintiff, and it parted with its money on faith of the consignment, the mills were estopped to say they had not consigned them. The receiver occupies no better position than the mills. The testimony shows clearly the intention of the parties that the goods covered by the invoice were pledged to secure the money advanced thereon. Even at common law under exceptional circumstances and for special purposes, a pledge may be left in the hands of the pledgor without defeating the lien. 31 Cyc. 805, 818. But in equity, neither actual nor constructive delivery of goods is necessary to create a lien upon them, if an agreement and intention to create the lien is clearly proved. 25 Cyc. 665. Therefore, plaintiff had at least an equitable lien on the goods pledged for the money advanced.

But it does not follow that plaintiff can recover possession of the goods. They were in the actual possession and custody of the receiver, who held them for the benefit of all concerned. There are cogent reasons why a creditor, who has only a lien upon goods, should not be allowed to take them out of the hands of a receiver. One of the purposes of a receivership is that the assets shall be held in impartial hands that the proceeds may be administered according to the priorities of the claims thereto. This purpose would be

thwarted, if every creditor who has a lien upon a particular asset is allowed to take it out of the hands of the receiver and administer it himself. The receiver might thereby be driven to numerous suits for accounting for any surplus in the hands of such creditors, after satisfaction of their liens, and the estate would be squandered in useless litigation, which it is one of the objects of a receivership to avoid. The plaintiff could have established its lien and had the benefit thereof in the parent suit. There is another reason why plaintiff should not be allowed to take the possession of these assets from the receiver. Since the commencement of the action, it has become insolvent and gone into bankruptcy. Its insolvency would have been good ground for the revocation of its agency by the mills. 16 Cyc. 117; *Cushman* v. *Snow* (Mass.), 71 N. E. 529. The Court would not have compelled the mills to deliver its goods into the hands of an insolvent agent. In such case, it would go no further than compel satisfaction of his lien. .

The judgment of the Circuit Court is reversed.

Petition for rehearing refused by formal order of date May 4, 1911.